Gen. 267]                                                        267

# HEALTH OCCUPATIONS

**MORTICIANS – TESTAMENTARY LAW – AUTHORITY TO DETERMINE DISPOSITION OF BODY – PRE-NEED FUNERAL CONTRACTS**

February 28, 1994

*Mr. Erich W. March*
*President*
*State Board of Morticians*

The State Board of Morticians has requested our opinion on several questions relating to the disposition, including cremation, of the remains of a deceased person.  Specifically, you posed the following issues:

1.    Who is the "next of kin" for purposes of making funeral arrangements and final dispositions, including cremations, for a deceased human body?  What happens in the event of a dispute among the next of kin with regard to final disposition?  Does the person who pays for the funeral have the authority to decide about the final arrangements, even if another family member disagrees?  If there are no next of kin, who has the authority to make arrangements?  Must a personal representative be appointed?

2.    What authority does the personal representative have in making final disposition arrangements, including cremation, if next of kin disagree with the personal representative's decision?

3.    May a seller of a pre-need contract that includes cremation services refuse to carry out that contract based upon the objections of the next of kin?  May a pre-need contract be made for a cremation with a third party as beneficiary of the contract?

For the reasons stated below, we conclude as follows:

1.    The surviving spouse has the paramount right to make funeral arrangements for the deceased.  If there is no surviving spouse, as a general rule, the right is in the next of kin in the order of their relation to the decedent:  adult children, then parents, then brothers and sisters, then more distant kin.  If there are no next of

kin, someone else with a special relationship to the deceased − for example, a close friend or neighbor − may contract for funeral arrangements, including subsequent burial or cremation. If no one else makes arrangements, the owner of the property where the deceased died might have to assume that responsibility. A personal representative need not be appointed for the sole purpose of making arrangements for the disposition of a body.

In the absence of a statute or regulation providing for a different decision-making mechanism, a dispute among relatives would be resolved by the simple fact of who contracts with the provider of funeral services, because that person is entitled to make the decisions about the arrangements.

2.    A personal representative, absent testamentary authority, does not automatically receive possession of the corpse or the right to decide its disposition, whether by burial or cremation. Whenever the duty to provide for the disposition of the body is placed by will upon the personal representative, the representative may have the right to the custody of the body solely for that purpose. Maryland law does not give guidance about the personal representative's duty to take into account objections from next-of-kin. If the personal representative contracted with the provider of funeral services, the personal representative's decision would control.

3.    A pre-need contract is a contract between the licensee and the deceased and may not be breached merely because the buyer of the contract is deceased or the next of kin objects to the services − including, if it be so, cremation − purchased by the deceased. A party may enter into a pre-need contract for the benefit of a third party and select cremation as the form of disposition.

# I

## Statutory Background

Under §7-317(a)(11) of the Health Occupations ("HO") Article, Maryland Code, a licensee who "refuses to surrender custody of a dead human body on the demand of a person who is entitled to its custody ..." is subject to discipline. HO §7-406 provides that "a licensee shall maintain a complete file of a cremation that includes the signature of the next of kin, person identifying the body, or person responsible for disposition...." The

Maryland Morticians Act indicates neither who is entitled to "custody" nor who is "responsible for disposition."

In addition, §5-501 of the Health-General ("HG") Article, Maryland Code, provides that "a person may not cremate a body until it has been identified by ... a person who is authorized to arrange for final disposition of the body." HG §5-406 notes that "with respect to an unclaimed body, any relative or friend of the deceased may claim the body and on paying the costs of moving and embalming the body, shall receive it." These sections fail to declare who has the right to authorize final disposition.[1]

## II

## Duty to Arrange Disposition

### A.    Priority of Possession

There is a paucity of authority in Maryland regarding the right to control the disposition of the remains of a deceased person. In *Untersizung Verein v. Posner,* 176 Md. 332, 4 A.2d 743 (1939), the Court of Appeals held that the surviving spouse or the next of kin has a quasi-property right in the body in the absence of testamentary disposition. 176 Md. at 337. This right is not a property right within the general meaning of that term, but exists for the purpose of determining who is to have the custody of the body in preparing it for burial. *Id.* In *Dougherty v. Mercantile Safe Dep. & Trust Co.*, 282 Md. 617, 387 A. 2d 244 (1978), the Court held that the surviving spouse has a paramount right to possession of the body and to decide the place of sepulture. Although the Court did not determine who receives possession in the absence of a surviving spouse, it cited approvingly *Pettigrew v. Pettigrew*, 207 Pa. 313, 56 A. 878 (1904), the paradigm case on the priority of possession of a dead human body. The Pennsylvania Supreme Court summarized the legal principles as follows:

> First, the paramount right is in the surviving husband or widow, and, if the parties are

---

[1] We note that Senate Bill 750, "Funeral Directors – Cremation Decisions," would clarify the law regarding the disposition of remains, including by means of cremation.

living in the normal relations of marriage, it will require a very strong case to justify a court in interfering with the wish of the survivor. Secondly. If there is no surviving husband or wife, the right is in the next of kin in the order of their relation to the decedent, as children of proper age, parents, brothers and sisters, or more distant kin, modified, it may be, by circumstances of special intimacy or association with the decedent. Thirdly. How far the desires of the decedent should prevail against those of a surviving husband or wife is an open question, but as against remoter connections, such wishes especially if strongly and recently expressed, should usually prevail.

56 A. at 880. In a number of jurisdictions, courts have endorsed this hierarchical approach. *See Rhodes Mut. Ins. Co. v. Moore*, 586 So. 2d 886 (Ala. 1991); *Brown v. Matthews Mortuary, Inc.*, 801 P.2d 37 (Idaho 1990); *Spardaro v. Catholic Cemeteries, Inc.*, 330 N.W. 2d 116 (Minn. 1983); *Hood v. Spratt*, 357 So. 2d 135 (Miss. 1978); *Felipe v. Vega*, 570 A.2d 1028 (N.J. Super Ch. 1989); *Dumouchelle v. Duke Univ.,* 317 S.E. 2d 100 (N.C. App. 1984); *Sullivan v. Catholic Cemeteries, Inc.*, 317 A.2d 430, 432 (R.I. 1974); *Estes v. Woodlawn Memorial Park, Inc.*, 780 S.W. 2d 759, 762 (Tenn. App. 1989); *Whitehair v. Highland Memory Gardens, Inc.*, 327 S.Ed. 2d 438, 443 (W.Va. 1985). In others, statutes control the matter. *See, e.g.,* West Ann. Cal. Health & Safety Code §7100; Conn. Gen. Stat. §45-253; Tex. Health & Safety Code Ann. §711.002.

Most recently, in a case involving an allegedly wrongful disinterment, the Court of Special Appeals noted that the "immediate next-of-kin" are "entitled to possession of the body for purposes of burial ..." − if there is no surviving spouse, usually a surviving parent or child. *Walser v. Resthaven Memorial Garden*, 98 Md. App. 371, 386, 633 A.2d 466 (1993).

To summarize, the primary right to possession or custody of a dead human body is in the surviving spouse.[2] If the decedent and his

---

[2] The spousal priority referred to in the text might be lost if the

(continued...)

or her spouse were separated or divorced at the time of the decedent's death, if there is no surviving spouse, or if the surviving spouse waives his or her right to possession of the body and to control the interment, the next of kin, typically the children, would receive the right of possession. *See* 22 Am. Jur. 2d *Dead Bodies* §25, at 22 (1988). If there are no next of kin, someone who enjoyed, to quote the Pennsylvania Supreme Court in *Pettigrew*, "special intimacy or association with the decedent" – a close friend or neighbor, for example – may take possession.[3] Moreover, any person who has the right to possession of the body may waive that right by inaction in regard to the disposition of the body.[4]

## B.    *Disputes Among Next of Kin*

Your letter indicates that, under the usual practice in the mortuary science industry, whoever pays for the funeral has the ultimate authority to decide about final arrangements. HO §7-404(a) provides that "[a]t the time of licensee makes funeral arrangements, the licensee shall give the individual who requested the funeral arrangements a contract ...." The person who contracts with the funeral director or mortician for the services would exercise the authority to make the decisions about the arrangements. We see no legal problem with the industry practice.

In the event of a conflict among the next of kin in the same class – for example, the daughter wants a burial for the deceased but the son wants cremation – in the absence of any law on the subject,

---

[2] (...continued)
spouse had "unclean hands" – that is, played an active role in the death of the decedent. *See* H.Y. Bernard, *The Law of Death and the Disposal of the Dead* 12 (1966).

[3] *See* Part IIC below for a discussion of responsibility when no one comes forward to take possession of the body.

[4] In your letter you posed the following example: The grandmother of a teenager whom she raised pays for services, including the burial, and selects the funeral home at which the services are to be held. The mother of the teenager objects to the use of that home but neither demands the body nor pays for alternate arrangements. In that situation, the mother, while having a higher priority to possession of the body than the grandmother, waived her right to possession by not making a demand for possession of the body or arrangements for its interment.

we can only conclude that a licensee would be justified in following the instructions of whoever contracts for the particular service.[5] Moreover, we see no basis for a distinction in this regard concerning cremation. If the next of kin who gives the instruction is to be ousted from that role, a court would have to do so.

The Board of Morticians might wish to consider establishing, by regulation, some form of dispute-resolution mechanism along the lines of the patient care advisory committees that hospitals and nursing homes are required to form. *See* HG §19-370. Just as a patient care advisory committee can help family members reach accord about medical treatment choices for an incapacitated relative, so a similar entity might help resolve family disagreements about the disposition of a relative's body.[6]

As explained in Part III below, a personal representative is not a referee of family disagreements. Moreover, a personal representative is not to be appointed merely in an effort to give greater weight to a potentially controversial decision. Your letter suggests, for example, that some funeral directors and morticians are apprehensive of cremation decisions made by someone other than the next of kin. In some such situations, members of the mortuary science industry have contacted their county Register of Wills in order to open a small estate to get a letter of administration before cremating. *See* §5-602 of the Estates and Trust Article, Maryland Code.

An estate should be opened only for reasons authorized by the Estates and Trusts Article. It is not a proper use of the probate process to use that process merely to attempt to shield a licensee against potential liability. If a neighbor or friend of the deceased wants a cremation, it is sufficient for that person to certify to the best of his or her knowledge that the deceased had no next of kin.

---

[5] As discussed in Part IID below, the individual giving the instructions should follow the wishes of the deceased.

[6] Under some circumstances, a physician who follows the recommendation of a patient care advisory committee is afforded immunity for doing so. HG §5-605(b)(1). A statute would be necessary if funeral directors and morticians were to enjoy similar immunity if they followed the recommendation of a dispute-resolution group.

## C.    *Residual Duty*

"Everyone has a right to a decent burial." *McKibben v. McKibben*, 119 N.Y.S. 2d 685, 687 (Mun. Ct. 1952). "This right existing, casts upon some one the duty of seeing that it is accorded," even if a person dies without money to provide for his or her own burial. *Id.*

At common law, the obligation of providing a decent burial for the decedent's body was imposed on the person under whose roof death took place.[7] In *McKibben*, the court held that the daughter, under whose roof the father was living at the time of his death, without a surviving spouse, had an obligation of seeing that the father was decently buried. *Id.* The court found no legal duty on the part of the brother, however, to contribute anything to the cost of the burial, because "[t]he corpse did not die under his roof." 119 N.Y.S. 2d at 688. The court opined further that "there was no duty upon him to bury his father and in the absence of any duty, the court does not see how he can be charged with any expense by the person with whom the primary duty does lie in this case, ... [the daughter]." *Id.*

The duty to provide for the disposition of the body does not necessarily include the expense of the burial. These two duties are separate and distinct. *Phillips v. Home Undertakers*, 138 P.2d 550, 552 (Okla. 1943). *See Griffen v. Cole*, 131 P.2d 989 (Ariz. 1942) (statute imposing duty of burial upon various persons creates no financial liability, but merely points out upon whom duty of burial devolves). For example, while a husband may be given the duty of providing the arrangements for the disposition of his wife, her estate is financially liable for the arrangements. *Id.* If there are no next of

---

[7] Some jurisdictions have provided, through statute, who has the duty to dispose of a dead human body. For example, §36-831(A) of the Public Health and Safety Article of the Arizona Revised Statutes provides for a priority ranking of those who have "[t]he duty of burying the body of or providing other funeral and disposition arrangements for a dead person ...." The county in which the death occurs has the residual duty. *See also* Cal. Health & Safety Code §7102; Ohio Public Welfare Stat. §5101.521; N.J. Stat. §40A:9-49; 21 Okla. Stat. §11152. Maryland does not have a similar statute.

kin and no estate, however, the ultimate financial liability may fall upon those charged with the duty.[8]

### D.   *Preference of the Deceased*

It is generally recognized that a person has the right to determine the disposition of his or her body after death. *Estes v. Woodlawn Mem. Park*, 780 S.W.2d at 762 (citing *Fidelity Union Trust Co. v. Heller*, 16 N.J. Super. 285, 84 A.2d 485 (1951)). There is, however, a division among jurisdictions as to whether the wishes of the deceased are paramount to that of a surviving spouse or next of kin. Some courts take the position that a preference expressed by a decedent with regard to the disposition of his or her dead body should normally be given precedence over other interests. *See Holland v. Metalious*, 198 A.2d 654 (N.H. 1964); *Matter of Estate of Moyer*, 577 P.2d 108 (Utah 1978). Other jurisdictions insist that the decedent's preference is subordinate to the wishes of his or her surviving spouse or next of kin. *In re Baskin's Appeal from Probate*, 484 A.2d 934 (Conn. 1984); *Mexican v. Circle Bear*, 370 N.W. 2d 737 (S.D. 1985). A third position is that the weight to be accorded to the decedent's preference must be determined on a case by case basis, in light of all relevant circumstances, and after an evaluation of all competing interests.[9]

The better view, in our opinion, is that a person should have the right to control the disposition of his or her body after death. As explained in Part IV below, a pre-need contract allows for this type of control. Even in the absence of such a contract, however, we believe that the deceased's wishes are entitled to great weight in determining the disposition of his or her body. The point of view of the surviving spouse or next of kin should not be ignored,

---

[8] Article 88A, §62A of the Code identifies circumstances under which the State will bear the cost of funeral expenses for a recipient of benefits under certain public assistance programs.

[9] Factors affecting the weight include:  whether the parties were living together in normal relations or marriage at the time of the decedent's death, the strength of the decedent's expressed desires, if the desires were expressed relatively close to the day of his death, close ties or special intimacy between the decedent and a particular claimant, and the religious beliefs of the decedent and the surviving spouse or next of kin. *The Law of Death* at 17; 22A Am. Jur. 2d *Dead Bodies* §30, at 26.

particularly in interpreting the wishes of the deceased, but if there is clear evidence of what the deceased wanted, that course of action should be followed. Just as someone may make a binding posthumous gift of organs or tissue, so the individual ought to be accorded the right to decide on the method of disposition of his or her remains.

## III

### Role of the Personal Representative

As noted in Part IIA above, it is well-settled that there is no property right as such in a body. *Spiegel v. Evergreen Cemetery Co.,* 117 N.J. Law 90, 186 A. 585 (1936); *Pettigrew v. Pettigrew*, 207 Pa. 313, 56 A. 878 (1904); H. Y. Bernard, *The Law of Death and the Disposal of the Dead* 12 (1966) (cited hereafter as "*The Law of Death*"). "That a dead body is not part of the assets of the estate may well be admitted." *Doughtery*, 282 Md. at 620 n.2. *See also Fischer's Estate v. Fischer*, 117 N.E. 2d 855 (Ill. App. 1954); *Fidelity Union Trust Co. v. Heller*, 16 N.J. Super 285, 84 A.2d 485 (1951); *Matter of Estate of Moyer*, 577 P.2d 108 (Utah 1978). A personal representative, absent testamentary authority, does not receive possession of the corpse. Whenever the duty to bury a person is placed upon the personal representative, the representative has the right to the custody of the body solely for that purpose.

If the personal representative receives such testamentary authority, you ask whether it must be exercised with regard for the wishes of the family and relatives. While there is no law in Maryland on this subject, other jurisdictions appear to provide that the personal representative must consider the wishes and desires of the surviving spouse or the next of kin. The rationale is that the body is not an asset of the estate and the personal representative might be a creditor of the estate, a "soulless corporation," or a stranger. *The Law of Death* at 16. Additionally, "someone having a less formal relation to the deceased should be empowered to decide and act." *The Law of Death* at 16 n.12. Deciding the place or manner of the final resting place of the body is an intimate responsibility and should be that of a relative. *See Children's Hospital v. Burney*, 47 N.E. 401 (1897).

An Illinois appellate court has held that, if the executor has the authority to dispose of the body, his or her powers only extend to the payment of the necessary funeral and burial charges. The executor's

duties do not affect the right of the decedent's spouse or next of kin to control or decide the arrangements of the interment of the body. *Fischer's Estate v. Fischer*, 117 N.E. 2d at 858. The Connecticut Supreme Court likewise has held that, whatever right, if any, that a personal representative may have to dispose of the decedent's body, he or she may not do so with unfettered discretion. *See Givson v. Connecticut Medical Examining Board*, 104 A.2d 890 (Conn. 1954). In that case, the executor made arrangements for the transmission of the decedent's body to a medical school for anatomical purposes, despite the deceased's expressed desires to be buried. Further, he did not consult the deceased's next of kin concerning the disposition of the deceased. 104 A.2d at 895. The executor was held to have no authority to insist on this arrangement. *Id.*


# IV

## Pre-Need Contract

### A.   *General Nature*

A pre-need contract is "an agreement between a consumer and a licensed funeral director, licensed mortician, or surviving spouse to provide any goods or services purchased prior to the time of death." HO §7-101(p). A pre-need agreement is unquestionably a contract, that is, "a deliberate agreement between competent parties upon legal consideration, to do, or to abstain from doing some act." *See Miller v. Palmer*, 58 Md. 451 (1881). Moreover, Maryland follows the objective law of contracts. *Jenkins v. Karlton*, 329 Md. 510, 525, 620 A.2d 894 (1993); *Bruce v. Dyer*, 309 Md. 421, 439-40, 524 A.2d 777 (1987). It is a well-settled principle of contract law that unless the contract is for personal services or by its express provisions terminates upon the death of a party to it, it survives the death of a party. *Burka v. Patrick*, 34 Md. App. 181, 185, 366 A.2d 1070 (1976).

A pre-need contract is between the licensed funeral director or mortician and the deceased. It cannot be breached merely because the buyer of the contract is deceased or because the surviving spouse or next of kin objects to the services chosen by the deceased.

## B.    *Third Party Pre-Need Contract*

HO §7-405(c)(i) provides that a pre-need contract shall contain "[t]he name of each party to the contract and, if the beneficiary is an individual other than the buyer, the name of the beneficiary of the contract ...." The statute thus expressly recognizes that third party pre-need contracts are sometimes arranged, presumably when the beneficiary of the contract is not able to do so personally. *See* 72 *Opinions of the Attorney General* 141, 142 n.4 (1987). Subsection (ii) requires "a description of any services and merchandise to be provided under the pre-need contract ...." HO §7-101(q)(1) defines goods and services as "as service, including *any* form of preservation and disposition, that a mortician normally provides in the ordinary course of business ...." (Emphasis added.)

The statute is clear:  a licensed funeral director or mortician may enter into a pre-need contract with a party other than one for whom the services will be provided. Additionally, cremation is a form of preservation and disposition normally provided by a mortician. Therefore, an individual may enter into a pre-need contract for the benefit of a third party and select cremation as the form of disposition.

# V

## Conclusion

In summary, it is our opinion that:

1.    The surviving spouse has the paramount right to make funeral arrangements for the deceased. If there is no surviving spouse, as a general rule, the right is in the next of kin in the order of their relation to the decedent:  adult children, then parents, then brothers and sisters, then more distant kin. If there are no next of kin, someone else with a special relationship to the deceased – for example, a close friend or neighbor – may contract for funeral arrangements, including subsequent burial or cremation. If no one else makes arrangements, the owner of the property where the deceased died might have to assume that responsibility. A personal representative need not be appointed for the sole purpose of making arrangements for the disposition of a body.

In the absence of a statute or regulation providing for a different decision-making mechanism, a dispute among relatives would be resolved by the simple fact of who contracts with the provider of funeral services, because that person is entitled to make the decisions about the arrangements.

2.     A personal representative, absent testamentary authority, does not automatically receive possession of the corpse or the right to decide its disposition, whether by burial or cremation. Whenever the duty to provide for the disposition of the body is placed by will upon the personal representative, the representative may have the right to the custody of the body solely for that purpose. Maryland law does not give guidance about the personal representative's duty to take into account objections from next-of-kin. If the personal representative contracted with the provider of funeral services, the personal representative's decision would control.

3.     A pre-need contract is a contract between the licensee and the deceased and may not be breached merely because the buyer of the contract is deceased or the next of kin objects to the services – including, if it be so, cremation – purchased by the deceased. A party may enter into a pre-need contract for the benefit of a third party and select cremation as the form of disposition.

J. Joseph Curran, Jr.
*Attorney General*

Kimberly Smith Ward
*Assistant Attorney General*

Jack Schwartz
*Chief Counsel*
  *Opinions & Advice*

**Editor's Note:**

Senate Bill 750, referred to in note 1 above, was enacted as Chapter 517 of the Laws of Maryland 1994. This legislation resolved many of the issues discussed in this opinion.